IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVSION

| IN RE: | ) | Chapter | 13 |
|---|---|---|---|
| Kudus Onisemoh | ) | No. | 10-38162 |
| | ) | Judge | Schmetterer |
| Debtors. | ) | Trustee | Vaughn |
| Kudus Onisemoh | ) | | |
| Plaintiffs | ) | | |
| v. | ) | Adv. No. | 10-02497 |
| Deutsche Bank National Trust | ) | | |
| Defendants | ) | | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Kudus Onisemoh, ("Debtor" or "Plaintiff"), by and through his attorney, Daniel J. Winter hereby requests that this Court enter an order approving the Plaintiff's proposed findings of fact and conclusions of law. Plaintiff's proposed findings of fact and conclusions of law are as follows:

1. Plaintiff brought this action pursuant to 11 U.S.C. § 506 (a), §506 (d), and Federal Rules of Bankruptcy Procedure Rules 3012 and 7001 (2) seeking to determine the value of Defendant's interest in Debtor's residential real estate and to determine the status of Defendant's claim.

2. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§1334 and 157(b)(2) of Title 28 of the United States Code.

3. This is a core proceeding and the Bankruptcy Court has jurisdiction to enter a final order.

4. Venue lies in this District pursuant to §1391(b) of Title 28 of the United States Code.

5. Plaintiff filed the instant case, 10-38162, on August 26, 2010, under Chapter 13 of the U.S. Bankruptcy Code ("Code"), currently pending before this Court.

6. The Defendant, Deutsche Bank National, is, upon information and belief, acting as Trustee for Mortgage Backed Securities originated as Meritage Mortgage Loan Trust 2005-I.

7. The 341 Meeting of Creditors was held and adjourned on September 28, 2010.

8. The Plaintiff owns real property located at 7030 South Rhodes Avenue, Chicago, Illinois, with a PIN number of 20-22-421-034-0000.

9. The Plaintiff's interest in his residential property is subject to a first lien from a mortgage

held by Meritage Mortgage Loan Trust 2005-I, with Mortgage Electronic Registration Systems acting as the Nominee. This mortgage is recorded on November 28, 2004, with the Cook County Recorder of Deeds as Document Number 0431302269. On April 9, 2009, Mortgage Electronic Registration Systems assigned the trusteeship of the mortgage securities to Deutsche Bank and the assignment was recorded with the Cook County Recorder of Deeds as Document Number 0909929105.

10. On December 17, 2010, after the present adversary action was initiated, Saxon Mortgage Services, Inc. filed a proof of claim, numbered 5 in the Claims Register in this matter, in the amount of $91,619.03 for the balance due on the first mortgage. See first mortgage proof of claim attached as Exbihit A.

11. The Plaintiff's interest in his residential property is subject to a second lien from a mortgage held by Meritage Mortgage Loan Trust 2005-I, with Mortgage Electronic Registration Systems acting as the Nominee. This mortgage was recorded with the Cook County Recorder of Deeds on November 8, 2004, with the Cook County Recorder of Deeds. On October 8, 2010, Mortgage Electronic Registration Systems assigned the trusteeship of the mortgage securities to Deutsche Bank and the assignment was recorded with the Cook County Recorder of Deeds as Document Number 1028122005.

12. On December 16, 2010, after the present adversary action was initiated, Deutsche Bank National Trust Company, via Saxon Mortgage Services, Inc. filed a proof of claim, numbered 4 in the Claims Register in this matter, in the amount of $20,942.34 for the balance due on the second mortgage. See second mortgage proof of claim attached as Exhibit B.

13. The lien securing the second mortgage of Defendant is junior to the first mortgage owed to mortgage securities serviced by Saxon Mortgage Services, Inc.

14. The Plaintiff states that when he filed his bankruptcy petition, he believed the value of his property to be $50,000. Plaintiff had a comparative market analysis done on the property which indicated a suggested value of $14, 947.00.

15. Pursuant to § 506 (a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest,…is an unsecured claim to the extent that the value of such creditor's interest …is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition…"

16. Pursuant to § 506 (d), " to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…"

17. Pursuant to § 1322 (b)(2) "the plan may modify the rights of holders of secured claims other

than a claim secured only by a security interest in real property that is the debtor's principal residence..."

18. This Court decided in *In Re: Milliletti Forrest,* 410 B.R. 816 (September 16, 2009), that valuations of alleged wholly unsecured junior mortgages are to be conducted through an adversary proceeding.

19. The United States District Court for the Northern District of Illinois in *In Re: Bettye Jean Holloway,* 2001 U.S. Dist LEXIS 16898 (October 16, 2001), decided that §1322 (b)(2), does not protect secondary lien holders whose interest is not supported by some value in the residence and their claim must be determined to be at least partially secured under §506 (a) to be protected from modification.

20. Further, in *In Re: Dinishia D. Waters,* 276 B.R. 879 (April 25, 2002), the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, decided that where a junior creditor's lien was wholly unsecured, it should be stripped off of the Debtor's residence and avoided if the Debtor performed under the confirmed plan and made all required payments.

21. There is no equity in the property and pursuant to § 506(a), the Defendant has no allowable security interest in the claim for the second mortgage on the residential property.

Respectfully Submitted
Kudus Onisemoh
Debtor-Plaintiff
By:/s/ Daniel J. Winter

Daniel J. Winter #6208223
LAW OFFICES OF DANIEL J WINTER
Attorney for Plaintiff
53 W. Jackson Blvd., Ste 725
Chicago, IL 60604
312-427-1613

FEB - 3 2011

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION | PROOF OF CLAIM |

Name of Debtor: Kudus Onisemoh     Case Number: 10-B-38162-339

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Deutsche Bank National Trust Company, as Trustee for Meritage Mortgage Loan Trust 2005-1

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
Saxon Mortgage Services, Inc.
1270 Northland Dr, Suite 200
Mendota Heights, Minnesota 55120

Court Claim Number: _____
(*If known*)

Filed on:

Name and address where payment should be sent (if different from above):
Saxon Mortgage Services, Inc.
Attention: Cashiering; P.O. Box 163169
Ft. Worth, Texas 76161

Telephone Number: (888) 422-6451

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $91,619.03

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Money Loaned
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** xxxxxx7279

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:** ☒ Real Estate  ☐ Motor Vehicle  ☐ Other: _____
   **Describe:** 7030 S Rhodes Ave, Chicago, Illinois 60637

   **Value of Property:** not available    **Annual Interest Rate:**

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $28,287.18  **Basis for perfection:** Recordation of Lien

   **Amount of Secured Claim:** $91,619.03  **Amount Unsecured:** $0.00

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   **Amount entitled to priority:**
   $_____

   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: December 16, 2010

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Lawrence J. Buckley as Creditor's Authorized Agent    P.O. Box 829009
972.643.6600                                              Dallas, TX 75382-9009

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
7623-N-0323

Ex A

| B 10 (Official Form 10) (04/10) | |
|---|---|
| UNITED STATES BANKRUPTCY COURT: NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION | PROOF OF CLAIM |

| Name of Debtor: Kudus Onisemoh | Case Number: 10-B-38162-339 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deutsche Bank National Trust Company, as Trustee for Meritage Mortgage Loan Trust 2005-1 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Saxon Mortgage Services, Inc.<br>1270 Northland Dr, Suite 200<br>Mendota Heights, Minnesota 55120 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on: |
| Name and address where payment should be sent (if different from above):<br>Saxon Mortgage Services, Inc.<br>Attention: Cashiering; P.O. Box 163169<br>Ft. Worth, Texas 76161<br><br>Telephone Number: (888) 422-6451 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $20,942.34

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** xxxxxx7240

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate    ☐ Motor Vehicle    ☐ Other: _____
**Describe:** 7030S Rhodes Ave, Chicago, Illinois 60637

**Value of Property:** not available     **Annual Interest Rate:**

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $3,901.15    **Basis for perfection:** Recordation of Lien

**Amount of Secured Claim:** $20,942.34    **Amount Unsecured** $0.00

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>December 16, 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>/s/ Lawrence J. Buckley as Creditor's Authorized Agent    P.O. Box 829009<br>972.643.6600    Dallas, TX 75382-9009 | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
7623-N-0322

Ex B